UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| COLE D. ENGELSON,<br><br>                                 Petitioner,<br>        v.<br><br>DEBORAH BORGAS,<br><br>                                 Respondents. | Case No. 3:26-cv-00326-MMD-CSD<br><br>ORDER |

Petitioner Cole D. Engelson commenced this habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition")), an Application to Proceed *In Forma Pauperis* (ECF No. 1 ("IFP Application")), and a Motion for Appointment of Counsel (ECF No. 1-2). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Under Habeas Rule 4, the assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Engelson challenges a 2021 judgement of conviction and sentence imposed by the Fifth Judicial District Court for Nye County. The state district court entered a judgment of conviction for first degree murder. The state district court sentenced Engelson to life in prison without parole. The Nevada Supreme Court affirmed the judgment of conviction on

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

direct appeal. Engelson filed a state habeas petition and the Nevada Supreme Court affirmed the state district court's denial of relief. In May 2026, Engelson initiated the instant federal habeas matter. (ECF No. 1.) The Court denied Engelson's IFP Application and instructed him to pay the filing fee. (ECF No. 5) He complied. (ECF No. 6.)

Engelson requests the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Engelson is serving a lengthy sentence. Engelson's Petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Engelson's request for appointment of counsel is granted.

It is therefore ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-1) is granted. The Federal Public Defender ("FPD") is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the FPD is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel

has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of the Court file the Petition for Writ of Habeas Corpus (ECF No. 1-1.)

It is further ordered that the Clerk of Court add Nevada Attorney General ("AG") Aaron D. Ford as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the AG's office only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court send a copy of this order to the *pro se* Petitioner, the Nevada AG, the FPD, and the CJA Coordinator for this division.

DATED THIS 13th Day of July 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3